UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

_____
                                    )
                                    )
UNITED STATES OF AMERICA            )
FOR THE USE AND BENEFIT OF          )
MILESTONE TARANT, LLC/HIGHLAND      )
ORNAMENTAL IRON WORKS, INC.,        )
A JOINT VENTURE                     )
                                    )
        Plaintiff/Use-Plaintiff,    )
                                    )
        v.                          )   Civil Action No. 08-2186 (RCL)
                                    )
FEDERAL INSURANCE COMPANY,          )
                                    )
Defendant.                          )
                                    )
_____ )

**Memorandum**

Before the Court are Plaintiff's Motion [16] to Confirm the Arbitration Award and Manhattan Construction Company's ("Manhattan's") Motion [18] to Intervene and Motion for Interpleader Relief. Having considered the motions, the responsive pleadings, the entire record in this case, and the applicable law at length, the Court will DEFER ruling on the Motion to Confirm the Arbitration Award and GRANT Manhattan's Motion to Intervene and for Interpleader Relief for the reasons that follow.

I. **Introduction**

Manhattan awarded Milestone Tarant, LLC-Highland Ornamental Ironworks, Inc., a Joint Venture ("Joint Venture") a subcontract to fabricate and install ornamental metals and custom bronze doors and windows for the "Capitol Visitors Center—Sequence II" project ("Project").

1

The project was part of a prime contract between the Architect of the Capitol ("Government") and Manhattan.

After the Government took beneficial occupancy of the Capitol Visitors Center and opened it to the public, the Joint Venture filed this case against Federal Insurance Company ("FIC")—Manhattan's bond surety—under the Miller Act, 40 U.S.C. § 3131 *et seq.* Manhattan then filed to arbitrate the disputes between the Joint Venture and Manhattan for the Project and FIC moved this Court to stay this matter while it was under arbitration.

In its motion to stay this matter pending arbitration, FIC specifically agreed to be bound by the results of the arbitration between the Joint Venture and Manhattan. This Court's memorandum opinion granting the stay ruled that the FIC is bound by the results of the arbitration and following the arbitration, the Joint Venture could "immediately collect on the bond against FIC." ECF No. 14 at 18. The arbitration resulted in a Final Award of $1,008,278 plus fees and expenses of $78,810.14 to the Joint Venture. The Final Award further ordered that Manhattan must pay the amount awarded to the Joint Venture within thirty days of the Final Award date, or the awarded amount would be subject to interest at 6% per annum. The interest didn't apply to the fees and expenses.

## II. The Motion to Intervene and to Interplead

### a. Motion to Intervene

FIC claims that it and Manhattan "are both willing, indeed anxious, to pay the arbitration award, but several persons, including the IRS, may claim all or part of the award." Mem. Mot. Manhattan Construction Company to Intervene and Interpleader Relief 1, May 5, 2011, ECF No.18. FIC and Manhattan both fear, therefore, that they may end up with multiple or conflicting obligations if they aren't allowed to interplead so that these various parties may sort out among

themselves who has a right to the funds. To protect the interests of Manhattan, Federal, and those who may be claiming an interest in the award, Manhattan and Federal request that the Court:

1. Allow Manhattan to intervene in this action.
2. Allow Manhattan and Federal to interplead funds into this Court or provide a bond (in accordance with 28 U.S.C. 1335(a)(2)) to pay the arbitration award; and
3. Accept for filing Manhattan and Federal's Complaint in Interpleader.

Manhattan may intervene as of right under Federal Rule of Civil Procedure 24(a)(2) or, alternatively, permissively under Federal Rule of Civil Procedure 24(b)(1)(B).

Under Federal Rule of Civil Procedure 24(a)(2), the Court must permit anyone who "is so situated that disposing of the action may as a practical matter impair or impede the movant's ability to protect its interest, unless existing parties adequately represent that interest." Numerous parties appear ready to claim Manhattan's payment. Manhattan is liable to FIC for amounts FIC pays to Manhattan's subcontractors—including the Joint Venture—and would therefore be subject to the possibility of multiple or inconsistent rulings if Manhattan's and Federal's liability are not determined simultaneously. *See United States f/u/b/o Coleman Capital Corp. v. Fidelity Deposit Co. of Maryland*, 43 F.R.D. 407, 408 (S.D.N.Y 1967) (holding that a general contractor could intervene in a subcontractor's suit against a surety on a payment bond because the "[d]efendant surety is unable to represent adequately petitioner's interest because it cannot interpose petitioner's personal defenses or claims") (internal quotation marks and citations omitted). Thus, Manhattan may intervene as of right in order to pay the amount of the arbitration award into this Court so that the parties claiming its payment can make their cases in a single forum without the risk of multiple or inconsistent rulings.

Under Federal Rule of Civil Procedure 24(b)(1)(B), the Court may permit anyone to intervene who "has a claim or defense that shares with the main action a common question of law or fact." FIC's obligations are coextensive with Manhattan's because FIC is Manhattan's bond surety. In order to determine how much FIC must pay the Joint Venture, one must first determine how much Manhattan owes the Joint Venture. Thus, Manhattan has claims and defenses that share common questions of law and fact with the Joint Venture's action against FIC, and Manhattan should be permitted to intervene in order to pay the arbitration award into this Court so that the parties claiming its payment can make their cases in a single forum without the risk of multiple or inconsistent rulings.

For permissive intervention under Rule 24(b), however, this Court must consider whether intervention will unduly delay or prejudice the adjudication of the original parties' rights. Having considered the issue, this Court finds that it will not. Administratively, it's far more efficient for Manhattan to intervene in this action because it deals with the same subject matter and will allow these conflicting claims to be resolved once and for all quickly. The Joint Venture is more likely to be prejudiced if this Court *doesn't* allow Manhattan to intervene to have the conflicting claims sorted out because sorting them out one at a time could lead to conflicting rulings and would certainly take much more time. Thus, Manhattan's intervention is proper and won't prejudice any of the original parties' rights.

Rule 24(c) requires a motion for intervention to include a pleading that sets out the claim or defense for which intervention is sought. Manhattan and FIC seek to file such a complaint in interpleader so that they can pay the arbitration award amount into the Court and let the various parties who may claim an interest in the funds state their cases. This Court grants Manhattan leave to file its complaint in interpleader for the reasons that follow.

### b. Motion to Interplead

Interpleader is proper under Rule 22 and 28 U.S.C. § 1335. Jurisdiction exists under 28 U.S.C. § 1335, which states:

> (a) The district courts shall have original jurisdiction of any civil action of interpleader or in the nature of interpleader filed by any person, firm, or corporation, association, or society having in his or its custody or possession money or property of the value of $500 or more, or having issued a note, bond, certificate, policy of insurance, or other instrument of value or amount of $500 or more, or providing for the delivery or payment or the loan of money or property of such amount or value, or being under any obligation written or unwritten to the amount of $500 or more, if
> (1) Two or more adverse claimants, of diverse citizenship as defined in subsection (a) or (d) of section 1332 of this title, are claiming or may claim to be entitled to such money or property, or to any one or more of the benefits arising by virtue of any note, bond, certificate, policy or other instrument, or arising by virtue of any such obligation; and if
> (2) the plaintiff has deposited such money or property or has paid the amount of or the loan or other value of such instrument or the amount due under such obligation into the registry of the court, there to abide the judgment of the court, or has given bond payable to the clerk of the court in such amount and with such surety as the court or judge may deem proper, conditioned upon the compliance by the plaintiff with the future order or judgment of the court with respect to the subject matter of the controversy.
> (b) Such an action may be entertained although the titles or claims of the conflicting claimants do not have a common origin, or are not identical, but are adverse to and independent of one another.

Manhattan and FIC are holding more than $500 and therefore satisfy 28 U.S.C. § 1335(a). Moreover, at least two adverse claimants (Highland, Milestone, Braude & Margulies, and the Joint Venture's surety are citizens of Virginia, the District of Columbia, the District of Columbia, and Maryland respectively). Other potential claimants are federal government entities. Thus, 28 U.S.C. § 1335 (a)(1) is satisfied as well.

Manhattan and FIC can't satisfy 28 U.S.C. § 1335 (a)(2), however, because they've not yet actually deposited the amount of the arbitration award into the Court's registry. Instead,

they've merely indicated a willingness to do so. Thus, interpleader under 28 U.S.C. § 1335 is impermissible.

Interpleader is alternatively proper under Federal Rule of Civil Procedure 22, which states in part:

> Persons with claims that may expose a plaintiff to double or multiple liability may be joined as defendants and required to interplead. Joinder for interpleader is proper even though:
>
> (A) the claims of the several claimants, or the titles on which their claims depend, lack a common origin or are adverse and independent rather than identical; or
>
> (B) the plaintiff denies liability in whole or in part to any or all of the claimants.

For reasons discussed above, Manhattan does satisfy Rule 22, and thus may interplead in this case.

The Joint Venture conceded that Manhattan may intervene, but opposes interpleader. Its argument boils down to the general objection that it's not very likely that Manhattan or FIC will be vulnerable to double or multiple liabilities for the arbitration award amount. The law is clear, however, that jurisdiction in interpleader doesn't depend on the merits of the claims of the parties in interpleader. *Bierman v. Marcus*, 246 F.2d 200, 202 (3d Cir. 1957); *see also* 7 Wright, Miller, Kane, and Marcus, *Federal Practice and Procedure: Civil*, § 1702 (2010) ("Because of the emphasis on multiplicity, a determination of the respective merits of the adverse claims is inappropriate at the initial stage; at that point the primary question is whether interpleader should be allowed. Issues relating to the merits of the action should be deferred to the so-called 'second-stage' of interpleader.") (citing cases).

### III. Motion to Confirm Arbitration Award

The Joint Venture moved this Court to confirm the arbitration award against FIC, arguing that this Court held in its December 10, 2009 Memorandum Opinion granting the stay pending arbitration, that "FIC is bound by the results of the arbitration and following arbitration, the Joint Venture could 'immediately collect on the bond against FIC.'" Mot. Confirm Arbitration 2, Apr. 21, 2011, ECF No. 16-1 (quoting Order 18, ECF No. 14).

The Joint Venture's argument fails because it misleadingly takes this Court's Order out of context. Quoted *in full*, this Court held that "FIC has agreed to be bound by the result of arbitration. Were Joint Venture to succeed at arbitration but be unable to secure its remedy against Manhattan, it could still immediately collect on the bond against FIC." Order 18. The Joint Venture has not even tried to "secure its remedy against Manhattan" much less shown itself "unable" to do so. *Id.* Thus, it cannot use this Court's Order as a justification for seeking to confirm this arbitration award against FIC instead of Manhattan.

Manhattan and FIC are responsible for prompt service of the Interpleader Complaint on each of the interpleader defendants. Once each of the interpleader defendants has been served and has had an opportunity to respond to the Interpleader Complaint, the Joint Venture may renew its motion to confirm the arbitration award against Manhattan. Until then, this Court will defer ruling on the Joint Venture's Motion to Confirm the Arbitration Award.

### IV. Conclusion

For the reasons discussed above, Manhattan's Motion to Intervene and its Motion to Interplead are GRANTED. The Court defers ruling on the Motion to Confirm the Arbitration Award. A memorializing order will be entered today as well.

Signed by Royce C. Lamberth, Chief Judge, on July 1, 2011.