UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

_____
                                   )
**UNITED STATES OF AMERICA for the** )
**Use and Benefit of MILESTONE**    )
**TARANT, LLC / HIGHLAND**          )
**ORNAMENTAL IRON WORKS, INC., a**  )
**Joint Venture,**                  )
                                   )
    **Plaintiffs,**              )
                                   )   Civil Action No. 08-2186 (RCL)
    v.                           )
                                   )
**FEDERAL INSURANCE COMPANY,**      )
                                   )
    **Defendants.**              )
_____)
                                   )
**MANHATTAN CONSTRUCTION**          )
**COMPANY, et al.,**                )
                                   )
    **Interpleader Plaintiffs,**  )
                                   )
    v.                           )
                                   )
**MILESTONE TARANT, LLC /**         )
**HIGHLAND ORNAMENTAL IRON**        )
**WORKS, INC., a Joint Venture, et al.,** )
                                   )
    **Interpleader Defendants.**  )
_____)

**MEMORANDUM OPINION**

An arbitration panel found Manhattan Construction Company ("Manhattan") liable for approximately $1.1 million in unpaid services and attorney's fees on a subcontract to renovate the Capitol Visitor Center in Washington, DC. Fearing exposure to multiple or inconsistent obligations on this award, Manhattan deposited the sum with the Court and moved for interpleader relief. *See* Fed. R. Civ. P. 22(a). A variety of interested parties then asserted claims against the resulting Interpleaded Fund ("Fund"). Because the creation of the Fund extinguishes

1

Manhattan's liability under the arbitration award and there is no genuine dispute as to the proper distribution of the Fund, the Court will enter a declaratory judgment regarding the distribution of the Fund and dismiss the case with prejudice.

I. BACKGROUND

The following facts are not disputed. In 2003, Manhattan awarded Milestone Tarant, LLC/Highland Ornamental Iron Works, Inc., a Joint Venture ("Joint Venture") a subcontract to fabricate and install ornamental metals and custom bronze doors and windows in the Capitol Visitor Center. The agreement contained an arbitration clause requiring the parties to arbitrate any disputes arising under the subcontract. A payment bond issued earlier that year obligated Federal Insurance Company ("Federal"), Manhattan's surety under the Miller Act, 40 U.S.C. § 3131 *et seq.*, to compensate any subcontractor for labor and materials furnished pursuant to the subcontract in the event Manhattan was unable to pay.

The project was hampered by delays and cost overruns. For reasons that are not entirely clear and are ultimately beside the point, the renovations took about three years longer than expected and allegedly cost the Joint Venture nearly twice the original subcontract price of $8.3 million to complete. After the Government opened the Capitol Visitor Center to the public in late 2008, the Joint Venture filed this suit against Federal under the Miller Act, 40 U.S.C. § 3133, seeking to recover from Federal the reasonable value of its services for which Manhattan had not yet paid.

Manhattan, however, sought to enforce its rights under the subcontract's arbitration clause, and accordingly filed for arbitration with the American Arbitration Association ("AAA") in September 2009. This Court dismissed the Joint Venture's separate suit to enjoin Manhattan from arbitrating the dispute (Case No. 1:09-CV-01941), and then stayed the instant case pending

2

the outcome of the arbitration proceeding. *U.S. ex rel Milestone Tarant, LLC v. Federal Ins. Co.*, 672 F. Supp. 2d 92, 106 (D.D.C. 2009). After a two-week arbitration hearing, a panel of the AAA issued a final award on March 28, 2011, finding Manhattan liable to the Joint Venture for $1,087,088.14 plus interest. Included in this amount was an award for attorney's fees of $181,274.00 for services provided by the Joint Venture's legal counsel, Braude & Margulies, P.C. ("B&M"), during the arbitration proceeding.

On July 1, 2011, the Court granted Manhattan's motion to intervene in this action and file an interpleader complaint. *U.S. ex rel Milestone Tarant, LLC/Highland Ornamental Iron Works, Inc. v. Federal Ins. Co.*, — F. Supp. 2d —, 2011 WL 2604830, at *2-*4 (D.D.C. July 1, 2011). The Court simultaneously deferred ruling on the Joint Venture's motion to confirm the arbitration award against Federal, since the Joint Venture had not yet attempted to secure its remedy against Manhattan. *Id.* at *4. Defendants then deposited $1,094,375.60 with the Court—an amount representing the final arbitration award plus all agreed-upon interest—which resulted in the creation of the Fund. The Court has previously confirmed that with the deposit of this sum, "all amounts due under the March 28th arbitration award in favor of the Joint Venture and against Manhattan are paid and satisfied." Order [28] at 4.

The only remaining issue in this case, therefore, is the proper distribution of the Fund. Following the deposit of the arbitration award, the interested parties filed answers to Manhattan's interpleader complaint asserting their various claims against the Fund. Among these are B&M's claim for attorney's fees, the Joint Venture's claim on the merits of its dispute with Manhattan, and a federal tax lien for unpaid taxes owed by Highland Ornamental Iron Works, Inc. ("Highland"), one of the Joint Venture partners, which has attached to Highland's share of any recovery in arbitration. In addition, Columbia Bank, a secured creditor of Milestone Tarant,

LLC ("Milestone"), the other Joint Venture partner, has moved to intervene in this action, claiming an interest in Milestone's share of the arbitration award.[1]

Columbia Bank and most of the interpleader defendants have since agreed to a settlement of their claims against the Fund. *See* Revised Agreed Distribution of Funds Paid Into Court [32] ("Agreed Distribution") at 3-4. Of the interested parties who filed answers to Manhattan's interpleader complaint, only the Internal Revenue Service has not consented to the Agreed Distribution, and the remaining interpleader defendants have either explicitly disclaimed or failed to assert an interest in the Fund.[2]

## II. DISCUSSION

Before the Court are several motions that together dispose of this case. First, the Court will grant the Joint Venture's motion to confirm the arbitration award, which was initially deferred while Manhattan moved to intervene in this case, and will dismiss Manhattan and Federal from the suit, since the deposit of $1,097,375.60 with the Court extinguishes their liability under the arbitration award. The Court will then enter a declaratory judgment regarding the distribution of the Fund, since there is no genuine dispute and the proper distribution of the Fund can be determined as a matter of law. Finally, the Court will deny as moot Columbia Bank's motion to intervene, since the case is at an end and there is no further relief this Court can provide to assist Columbia in the pursuit of its rights and remedies against Milestone.

---

[1] Milestone filed a Chapter 11 bankruptcy petition in the United States Bankruptcy Court for the District of Maryland in January 2011. *In re Milestone Tarant, LLC*, Case No. 11-10038 (PM). The bankruptcy court lifted the automatic stay to allow Columbia Bank to immediately exercise its rights and remedies as a secured creditor under its loan agreement with Milestone. Accordingly, by order of the bankruptcy court, Milestone is obligated to pay Columbia Bank its portion of the arbitration award. *See* Mot. to Intervene [27-7].

[2] The other parties to this action are United States Fidelity and Guaranty Company (the Joint Venture's surety on the Capitol Visitor Center project), and W. Clarkson McDow, Jr., United States Trustee (the administrator of Milestone's bankruptcy estate). Both parties have indicated that they do not have an interest in the Fund. Answer to Intervenor Compl. [26]; Notice of Disclaimer of Interest [35].

### A. Confirmation of the Arbitration Award

There is no longer any reason to defer ruling on the Joint Venture's motion to confirm the arbitration award because the Joint Venture's remedy is now against the Fund rather than Federal, Manhattan's surety under the Miller Act. *See* 40 U.S.C. § 3133. The Court initially deferred ruling on the motion to confirm the arbitration award against Federal because Manhattan was not yet a party to the suit and the Joint Venture had "not even tried to secure its remedy against Manhattan much less shown itself unable to do so." *U.S. ex rel Milestone Tarant, LLC*, 2011 WL 2604830, at *4 (internal quotation marks omitted). Manhattan has since been joined as a party and all amounts due under the arbitration award have been deposited with the Court. Accordingly, it is now appropriate to reduce that award to a judgment and conclude the case as to Manhattan and Federal.

The Federal Arbitration Act provides that a court "must grant" an order confirming an arbitration award where "the parties . . . have agreed that a judgment of the court shall be entered upon the award made pursuant to the arbitration." 9 U.S.C. § 9. In its motion to stay this matter, Federal specifically agreed to be bound by the results of the arbitration between the Joint Venture and Manhattan. Mot. to Stay [8] at 1. Because Manhattan does not oppose confirmation of the arbitration award, and because Federal suggests no basis on which to vacate, modify or correct the award pursuant to 9 U.S.C. §§ 10 and 11, the Court will enter a judgment upon the March 28th arbitration award. Confirmation of the award, together with the payment of all amounts due under it, concludes this case as to Manhattan and Federal. Accordingly, the Court will also dismiss Manhattan and Federal from the case with prejudice.[3]

---

[3] For similar reasons, the Court will grant as unopposed Manhattan and Federal's motion to dismiss W. Clarkson McDow, Jr., United States Trustee, who has already disclaimed any interest in the Fund. *See* Notice of Disclaimer of Interest [35].

### B. Distribution of the Fund

The final issue in this case is the proper distribution of the Fund, as to which there is no genuine dispute. With the exception of the IRS, all interested parties—including Columbia Bank—have consented to the Agreed Distribution or have indicated that they do not have an interest in the Fund. *See* Agreed Distribution [32] at 3-4. Although the IRS has not consented to the Agreed Distribution, its claim against the Fund is consistent with the distribution of the Fund consented to by all of the other interested parties. Accordingly, the Court will enter a declaratory judgment adopting the Agreed Distribution as the proper distribution of the Fund.

Under this settlement, B&M is entitled to $360,000 out of the Fund for attorney's fees and expenses earned by representing the Joint Venture in its claims against Manhattan. Mot. for Partial Summ. J. [37]. This amount is substantially greater than the amount specified in the March 28th arbitration award. However, B&M claims that in addition to the $181,274.00 in attorney's fees and $34,108.00 in expenses specifically awarded by the arbitration panel, the firm is also owed $155,753.22 for two unpaid invoices for previous services related to a partial settlement of claims against Manhattan prior to the arbitration proceeding.[4] There is no dispute that B&M holds a valid attorney's lien against the Fund for the full amount of fees and expenses incurred in representing the Joint Venture.

The IRS also holds a federal tax lien against the Fund for unpaid taxes owed by Highland, one of the Joint Venture partners, which has attached to Highland's share of any recovery in arbitration. But under the laws of the District of Columbia, the Joint Venture is required to discharge its obligations to creditors—including B&M—before any portion of the arbitration award can be distributed to the Joint Venture partners. *See* D.C. Code § 29-608.07(a).

---

[4] In order to facilitate the interested parties' consent to the Agreed Distribution, B&M has apparently discounted the total amount allegedly owed by the Joint Venture to a claim of $360,000 against the Fund. *See* Agreed Distribution [32] at 3 n.1.

6

That means that the IRS's claim against the Fund is limited to whatever is distributed to Highland after the Joint Venture's liabilities are satisfied.[5] Accordingly, because all other interested parties have either consented to the Agreed Distribution or have disclaimed any interest in the Fund, the Agreed Distribution represents the proper distribution of the Fund and a declaratory judgment to that effect is appropriate at this time.

### C. Columbia Bank's Motion to Intervene

Distribution of the Fund concludes this case as to all of the remaining parties. Thus, the Court will deny as moot Columbia Bank's motion to intervene, since this case is at an end and there is no further relief the Court can provide to Columbia Bank in the pursuit of its rights and remedies against Milestone.

### III. CONCLUSION

For these reasons, the Joint Venture's motion to confirm the arbitration award is GRANTED and Manhattan and Federal are DISMISSED from this action with prejudice. B&M's motion for partial summary judgment is GRANTED and the Court will enter a declaratory judgment adopting the Agreed Distribution as the proper distribution of the Fund. Columbia Bank's motion to intervene is DENIED as moot. A separate order memorializing these conclusions will issue this day.

Date: November 4, 2011
_____/s/_____
Royce C. Lamberth
Chief United States District Judge

---

[5] The IRS does not oppose the immediate payment of $204,246.78 to B&M, *see* Mem. in Opp'n to Mot. for Partial Summ. J. [41] at 4, and has withdrawn its partial objection to B&M's motion for summary judgment contesting the payment of the additional $155,753.22, *see* Surreply to Mot. for Partial Summ. J. [44-1] at 2.